# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10156-EFM

WAYNE BENJAMIN WASSON,

    *Defendant.*

## MEMORANDUM AND ORDER

A jury convicted Defendant Wayne Benjamin Wasson of four counts of transporting child pornography and one count of possessing child pornography. At the close of the Government's evidence, Wasson orally moved for a judgment of acquittal under Fed. R. Crim. P. 29(a) on every count in the Indictment. The Court reserved decision on Wasson's motion. Wasson now asks the Court to grant his motion on the basis that the evidence at trial was insufficient to satisfy the elements of the charged offenses. Specifically, he argues that the Government failed to prove the "transports" element of the transportation counts and the commerce clause element of all the counts. For the reasons set forth below, the Court denies Wasson's motion.

### I.     Factual and Procedural Background

The Government elicited the following evidence and testimony at trial. Yahoo reported a user identified as "girlwanted lover" to the National Center for Missing and Exploited Children ("NCMEC") for uploading child pornography via the "messenger.yahoo.com" website on May 29,

2018, and January 6, 2018. Yahoo subsequently provided law enforcement the account information and content, which included a verified phone number and internet protocol ("IP") address. The user's phone number was confirmed as Wasson's number, and the user's IP address returned to Wasson's address. The contents of the account also revealed that the user sent three emails containing attachments of child pornography to another user on December 29, 2017.

Google reported a user, "waynehanne0," to NCMEC for uploading child pornography on its servers on or about November 27, 2017. The phone number associated with this account was also verified as Wasson's, and the user's IP address also returned to Wasson's address. In response to a search warrant, Google provided law enforcement the account's content, which included images of child pornography and an image of Wasson himself. This image was later observed on Wasson's Facebook page.

Law enforcement agents obtained and executed a search warrant on Wasson's residence in Great Bend, Kansas. During the search, they found Wasson's phone, a Lexar drive, and a laptop. Information recovered from the phone showed that it contained, in part, user information for the "waynehanne0" Google account. The Lexar drive contained the images uploaded to Google servers by "waynehanne0," additional child pornography, and images of Wasson. On the laptop, agents found chat logs from a Skype communication from September 20, 2017, which showed Wasson receiving and discussing the child pornography videos he later sent on December 29, 2017. At the time of the search, Wasson consented to an interview and confirmed his phone number. In a later interview, Wasson admitted receiving child pornography through DropBox and Skype chats and stated that he believed all men have a sexual interest in children.

The Indictment charged Wasson with four counts of transportation of child pornography occurring on May 29, 2017 (Count 1), November 27, 2017 (Count 2), December 29, 2017 (Count

3), and January 6, 2018 (Count 4). Specifically, for each of the four Counts, the Indictment alleges that Wasson "knowingly transported child pornography . . . using any means and facility of interstate or foreign commerce, and did so in and affecting interstate and foreign commerce by any means including by computer" in violation of 18 U.S.C. § 2252A(a)(1). The Indictment also charged Wasson with one count of possession of child pornography occurring on or about May 3, 2018 (Count 5). For this count, the Indictment alleges that Wasson "knowingly possessed any computer disk and other material which contained an image of child pornography . . . that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and such image involved a prepubescent minor and a minor who had not attained the age of 12 years" in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

The case proceeded to trial. At the close of the Government's case, Wasson moved for a judgment of acquittal under Rule 29(a). Wasson argued that the Government failed to present evidence regarding the jurisdictional element of the crimes charged. Specifically, Wasson argued that there was no evidence that the child pornography images were transported in interstate commerce or that the computer or flash drive containing the child pornography images were shipped or transported in interstate commerce. The Court reserved its decision on Wasson's motion until the parties briefed the issue after trial.

After hearing closing arguments, the jury deliberated and returned a guilty verdict on all five counts. Wasson now moves the Court to grant his motion for judgment of acquittal. The Court held a hearing on Wasson's motion on November 15, 2019.

## II.     Legal Standard

When reviewing the sufficiency of evidence to sustain a guilty verdict, the Court asks whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] The Court may consider all direct and circumstantial evidence admitted at trial as well as all "reasonable inferences to be drawn therefrom."[2] Substantial evidence must support the conviction, but "it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt."[3]

### III. Analysis

Wasson contends that the Government failed to meet its burden of proof on all five counts charged in the Indictment. For the first four counts, the Government charged Wasson under 18 U.S.C. § 2252A(a)(1), which provides:

> (a) Any person who—
>
> (1) knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography;
>
> . . .
>
> shall be punished . . . .

In the fifth count, the Government charged Wasson with possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Section 2252A(a)(5)(B) requires the Government to prove that Wasson:

> (B) knowingly possesse[d], or knowingly accesse[d] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or

---

[1] *United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[2] *United States v. Montgomery*, 468 F.3d 715, 719 (10th Cir. 2006) (quoting *United States v. Scull*, 321 F.3d 1270, 1282 (10th Cir. 2003)).

[3] *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005) (quoting *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994)).

transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

During trial, Wasson argued that the Government did not present sufficient evidence to prove the interstate commerce element of both the transportation and possession offenses. In his motion before the Court, Wasson raises this argument again. He also includes an additional argument in his motion. He contends that the Government failed to prove the "transports" element of the transportation offenses. The Court will address the "transports" argument first.

### A. The "Transports" Requirement of § 2252A(a)(1)

Section 2252A(a)(1) prohibits the mailing, transporting, or shipping of child pornography.[4] None of these verbs are defined within the statute. Therefore, the Court must engage in statutory construction to determine the type of conduct Congress intended to criminalize by utilizing these terms.

Statutory construction begins with the statutory text and "proceeds from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.' "[5] Black's Law Dictionary defines the "transport" to mean "to carry or convey (a thing) from one place to another."[6] Merriam-Webster defines the term as "to transfer or convey

---

[4] 18 U.S.C. § 2252A(a)(1).

[5] *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (internal quotations and citation omitted).

[6] *Transport*, BLACK'S LAW DICTIONARY (9th ed. 2009).

from one place to another."[7] Historically, the term "transport" required movement from one geographic location to another geographic location. For example, an individual who knowingly placed child pornography in a briefcase and carried the briefcase over state lines violated the statute. But this requirement does not make sense in the context of the digital age where images are transferred on a computer using the internet. In this context, the term "transport" does not require movement from one geographic location to another geographic location or from one recipient to another recipient. It only requires movement from one place to another. An analogous situation to the suitcase example above would be a person who uploads an image of child pornography from his home computer to an internet-based cloud storage. The individual did not transfer the image to a third party, but because he moved the image from one location (his home computer) to another (his cloud storage), this constitutes transportation. Accordingly, the Court construes the term "transport" as it is defined in Black's Dictionary: to carry or convey from one place to another.

In this case, the Government introduced evidence that Wasson conveyed child pornography from one place to another. For Counts 1 and 4, the Government introduced the NCMEC report showing that Wasson attempted to upload images from his home computer using the internet to the Yahoo messenger website.[8] The transmission of the images to Yahoo was not completed because it was intercepted by NCMEC, but because the images ended up in another location, they were transported as required by the statute. For Count 2, the Government introduced the NCMEC report showing that Wasson attempted to upload images from his home computer using the internet

---

[7] *Transport*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, http://www.merriam-webster.com/dictionary/transport (last visited Nov. 19, 2019).

[8] *See* Government exhibit 1.

to his Google account.⁹ Again, the transmission to Google was not completed, but because the images ended up in a difference location other than his home computer, they were transported. Finally, with regard to Count 3, the Government introduced evidence showing that Wasson used his Yahoo email account to upload and transmit attachments of child pornography to another individual.¹⁰ By transmitting the images to another location, Wasson effectively transported them. The Court therefore concludes that based on the evidence before it, a rational trier of fact could have found that Wasson transported the child pornography images charged in Counts 1 through 4.

**B.  The Interstate Commerce Requirement**

Wasson's primary argument during trial in his oral motion for judgment of acquittal was that the Government did not meet its burden to show the jurisdictional element of § 2252A(a)(1) and § 2252A(a)(5)(B). Both sections of § 2252A contain a jurisdictional element. Subsection (a)(1)—the transportation offense—requires the Government to prove that the defendant knowingly transports child pornography "using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer." Subsection (a)(5)(B)—the possession offense—requires the Government to prove that the defendant knowingly possesses an image of child pornography "that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer" or "that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

---

⁹ *See* Government exhibit 7.

¹⁰ *See* Government exhibits 4, 5, and 6.

Specifically, Wasson argues that the Government did not offer specific evidence of how the child pornography images traveled in interstate commerce. He claims that the Government was required to, and failed, to show how each image came from the internet.[11] In response, the Government argues that it met the interstate commerce element of both offenses because it presented evidence that Wasson uploaded, downloaded, and sent the images using well-known, internet-based communications services, and the internet is an instrument of interstate commerce. The Court agrees.

Wasson relies primarily on outdated case law in his interpretation of the statute.[12] Several cases he cites analyze the previous version of § 2252A, which required that the child pornography have been "mailed, or shipped or transported *in interstate or foreign commerce* by any means, including by computer."[13] But, the current version of § 2252A does not require proof that the images traveled "in interstate commerce." Instead, it requires proof of "using any means or facility

---

[11] In his motion, Wasson also argues that the Government did not offer evidence of the third "jurisdictional hook" available for the possession crime—that the image "was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." The Court agrees that the Government did not offer any evidence to satisfy this "jurisdictional hook." But, as discussed below, the Government presented evidence that the child pornography images charged in this offense were transported using a "facility of interstate commerce." Therefore, the jurisdictional element was met for the possession offense.

[12] Wasson cites *United States v. Wilson*, 182 F.3d 737, 740 (10th Cir. 1999), and *United States v. Henriques*, 234 F.3d 263, 267 (5th Cir. 2000), as persuasive authority for how the jurisdictional element of § 2252A should be interpreted. Neither case is relevant. *Wilson* was decided in 1999 and addressed the 1996 version of 18 U.S.C. § 2252(a)(4)(B). *Henriques* addresses § 2252A, but it was the former version of the statute, which required that the image "has been mailed, or shipped or transported *in interstate or foreign commerce* by any means, including by computer." *Id*. at 265 (citing 18 U.S.C. § 2252A(a)(5)(B) (1997) (emphasis added)). Finally, Wasson relies on *United States v. Sturm*, 672 F.3d 891 (10th Cir. 2012), as "demonstrating the type of evidence needed to meet the burden of proof to sustain a conviction." That opinion, however, dealt with a prior codification of § 2252(a) and § 2252A, which used the "in interstate commerce" language, and therefore is not applicable to this case. *Id*. at 893, 895.

[13] *Henriques*, 234 F.3d at 265 (citing 18 U.S.C. § 2252A(a)(5)(B) (1997) (emphasis added)).

of interstate commerce" or "in or affecting interstate commerce by any means, including by computer."[14]

The current version of § 2252A was codified in 2008 in response to the Tenth Circuit's decision in *United States v. Schaefer*.[15] That decision held that "it is not enough to assume that an [i]nternet communication necessarily traveled across state lines in interstate commerce."[16] But by including "any means or facility of interstate commerce" and "in or affecting interstate commerce" in the language of the statute, Congress "made it clear to the courts that it intended the statute to reach the full extent of Congress's Commerce Clause power" and "answered the call from the Tenth Circuit in *Schaefer* demanding more precise language."[17] The Tenth Circuit recognized this change in 2009 in *United States v. Swenson*, stating "other circuits sanction the assumption *Schaefer* rejected and Congress responded to *Schaefer* by amending § 2252A to make clear that such an assumption will be tenable in future cases."[18]

The Tenth Circuit and other courts have subsequently clarified what evidence the Government must present to satisfy the jurisdictional element under § 2252A. In *United States v. Baum*, the Tenth Circuit explained:

> The version of the statute under which Baum was convicted applies if a person knowingly possesses an image of child pornography "that has been mailed, or

---

[14] 18 U.S.C. § 2252A(a)(1) and (a)(5)(B).

[15] 501 F.3d 1197 (10th Cir. 2007); *United States v. Haymond*, 2016 WL 4094886, at *13 (N.D. Okla. 2016), *aff'd*, 869 F.3d 1153 (10th Cir. 2017), *vacated and remanded* (on other grounds), 139 S. Ct. 2369 (2019).

[16] *Id.* at 1200-01.

[17] *Haymond*, 2016 WL 4094886, at *13 (quoting Jonathan R. Gray, *United States v. Schaefer and United States v. Sturm: Why the Federal Government Should Regulate All Internet Use as Interstate Commerce*, 90 Denv. U. L. Rev. 691, 709 (2012)); *see also United States v. Brown*, 785 F.3d 1337, 1351 (9th Cir. 2015) (stating that in 2008 "Congress chose to regulate to the outer limits of its Commerce Clause authority by inserting the 'affecting interstate commerce' language").

[18] 335 F. App'x 751, 753 (10th Cir. 2009).

shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer." Baum admitted that he received the images at issue through the internet. And "the Internet is generally an instrumentality of interstate commerce." Pursuant to the plain language of the statute, there was no need to establish that the images themselves had crossed state lines or that Baum had such knowledge.[19]

In *United States v. Miltier*,[20] the Fourth Circuit held that "[c]ourts, including this one, have repeatedly held that use of the internet in the transmission of child pornography satisfies the interstate commerce element of the offense."[21] The Eighth Circuit has also held that "[t]he [i]nternet is an instrumentality and channel of interstate commerce. [The defendant's] use of the internet to access and download images and videos from PedoBook is enough in this case to satisfy the interstate commerce nexus."[22]

Based on these cases, the Court concludes that the Government is not required to show that the images traveled in interstate commerce. Nor is it required to show that the internet is an interstate medium. The Tenth Circuit has held that "the [i]nternet is generally an instrumentality of interstate commerce."[23] Therefore, Wasson's use of the internet to download, upload, or send

---

[19] 542 F. App'x 724, 726-27 (10th Cir. 2013) (quoting 18 U.S.C. § 2252A(a)(5)).

[20] 882 F.3d 81 (4th Cir.), *cert denied*, 139 S. Ct. 130 (2018).

[21] *Id*. at 87-88. Wasson argues that *Miltier* is not persuasive because the Fourth Circuit concluded that the interstate nexus requirement for receipt of child pornography is met when the Government shows movement of the computer in interstate commerce. *Id*. at 88-89. But, the Fourth Circuit's discussion of this issue related to the defendant's argument that a jury instruction constituted a constructive amendment to the superseding indictment. *Id*. at 92. As noted in the text, the Fourth Circuit also held in that opinion that "use of the internet in the transmission of child pornography satisfies the interstate commerce element of the offense." *Id*. at 87 (internal quotation marks and citations omitted). The Fourth Circuit found that there was evidence that the two files at issue were downloaded from the internet via the Ares-file sharing program and thus there was sufficient evidence that the defendant received child pornography using any means or facility of interstate commerce. *Id*. at 88.

[22] *United States v. DeFoggi*, 839 F.3d 701, 713 (8th Cir. 2016).

[23] *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1054 (10th Cir. 2008).

child pornography satisfies the interstate commerce element of the transportation and possession crimes.

For the five counts charged in this case, the Government presented evidence that Wasson uploaded (transported), emailed (transported), and downloaded (possessed) images of child pornography using well-known internet communication services. Counts 1 and 4 charge Wasson with transportation of child pornography on May 29, 2017, and January 6, 2018, respectively. The evidence at trial showed that uploads of child pornography images were made to the Yahoo messenger account "girlwantedlover@yahoo.com" on these dates through an IP address that returned to Wasson's address.[24] Wasson's use of an IP address is evidence that the internet was used by him to transport images of child pornography. Moreover, the fact that Yahoo (an interstate electronic communications provider) reported the child pornography, it would be reasonable for a juror to conclude that it affected Yahoo's business. Thus, there was sufficient evidence to satisfy the interstate commerce element of Counts 1 and 4.

Count 2 charged Wasson with transportation of child pornography on November 27, 2017. For this Count, the evidence showed that uploads of child pornography images were made to the Google account of "waynehanne0@gmail.com" through an IP address that returned to Wasson's residence.[25] Again, Wasson's use of an IP address is evidence that he used the internet from his home in Kansas to transport the images. Additionally, Wasson's Google account was a facility of interstate commerce, and a reasonable jury could conclude that the uploading of child pornography

---

[24] *See* Government exhibits 1, 1a, 1b, 1c, 13, and 14.

[25] *See* Government exhibits 7a, 12, 7, 13, and 14.

-11-

to its servers affected Google's business. Thus, the jury could rationally find that a facility of interstate commerce was used to commit the offense in Count 2.

Count 3 charges Wasson with transportation of child pornography on December 29, 2017. The evidence presented at trial showed emails were sent from the "girlwantedlover@yahoo.com" account to another user on this date.[26] The emails contained attachments of child pornography.[27] An internet-based email account is a facility of interstate commerce. Therefore, the Government presented sufficient evidence to satisfy the jurisdictional requirement for Count 3.

Count 5 of the Indictment charges Wasson with possession of child pornography. At trial, the Government presented evidence that Wasson possessed child pornography on his laptop and on a Lexar thumb drive. Exhibits 43, 44, and 45 were admitted as examples of what Wasson possessed. The Government also presented evidence that during an interview with a federal agent, Wasson admitted that he downloaded the child pornography from the internet through Skype chats and Dropbox (an internet-based storage provider).[28] As noted above, the internet is a facility of interstate commerce, and Wasson's statement indicates that he obtained the images through communications via the internet. This is enough evidence for a rational jury to conclude that the child pornography had been transported using a facility of interstate commerce or affecting interstate commerce.

Overall, the Court concludes that when viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found that Wasson transported child

---

[26] *See* Government exhibits 4, 5, and 6.

[27] *See* Government exhibits 4a and 6a.

[28] *See* Government exhibit 23b.

pornography using a facility of interstate commerce and possessed child pornography that was transported using a facility of interstate commerce. Therefore, the Government presented sufficient evidence to satisfy the interstate commerce requirement for the transportation and possession charges.

**IT IS THEREFORE ORDERED** that Wasson's Motion for Judgment of Acquittal (Doc. 64) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE